UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY J. WHITAKER, | Case No. 19-CV-1905 (PJS/LIB) |
| Petitioner, | |
| v. | ORDER |
| WARDEN FIKES, F.C.I. Sandstone, | |
| Respondent. | |

Gregory J. Whitaker, pro se.

This matter is before the Court on petitioner Gregory J. Whitaker's objection to the September 4, 2019 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. Judge Brisbois recommends dismissing Whitaker's 28 U.S.C. § 2241 petition without prejudice and denying Whitaker's application to proceed *in forma pauperis*. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Whitaker's objection and adopts the thorough and well-reasoned R&R. Because Whitaker expands upon his arguments in his objection to the R&R, several matters warrant discussion.[1]

---

[1] A district court need not consider arguments that are raised for the first time in an objection to an R&R. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge."); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) ("A party cannot, in his
(continued...)

In 2018, Whitaker pleaded guilty to possessing with intent to distribute five grams or more of methamphetamine. *United States v. Whitaker*, No. 4:18-CR-3010 (JMG/CRZ)(1) (D. Neb. July 17, 2018), ECF No. 27. That offense carries a mandatory minimum term of imprisonment of 5 years, a maximum term of imprisonment of 40 years, and "a term of supervised release of at least 4 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(B). Whitaker was sentenced to the mandatory minimum prison term (five years) and the mandatory minimum term of supervised release (four years). Whitaker now asks the Court to direct the Bureau of Prisons ("BOP") to release him after just one year of imprisonment so that he may begin serving his four-year term of supervised release. ECF No. 1 at 3-4. Whitaker argues that his sentence must be executed in this way in order to be constitutional—an argument that is grounded on misunderstandings of two Supreme Court opinions: *Johnson v. United States*, 529 U.S. 694 (2000), and *United States v. Haymond*, 139 S. Ct. 2369 (2019).

---

¹(...continued)
objections to an R&R, raise arguments that were not clearly presented to the magistrate judge.") (citing *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004)). In this case, however, the Court finds that the arguments made in Whitaker's objection could be interpreted as clarifications of the points that he tried to make in his § 2241 petition. The Court will therefore address his arguments, particularly given that Whitaker is a pro se litigant whose filings must be liberally construed. *See United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) ("A document filed pro se is 'to be liberally construed.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam))).

Whitaker cites *Johnson* for the unremarkable principle that sanctions imposed on revocation of supervised release are intended to punish the original crime, and not the conduct that triggered revocation. 529 U.S. at 700-01. In other words, if Whitaker serves his term of imprisonment and is placed on supervised release—and if he then violates the conditions of his supervised release and his term of supervised release is revoked—*Johnson* instructs that any sentence imposed on revocation would be imposed as punishment for Whitaker's original crime (possession of methamphetamine with intent to distribute), and not for whatever conduct violated the conditions of his supervised release.

So far, so good—but then Whitaker takes a wrong turn. Whitaker argues that if he serves his full five-year sentence of imprisonment before he is placed on supervised release, then any revocation sentence—say, a sentence of three months' imprisonment—would impermissibly increase the time that he is required to serve in prison for possession of methamphetamine beyond the five-year term imposed by the sentencing judge. ECF No. 1 at 2-3. According to Whitaker, this would constitute a modification of his sentence; in other words, instead of serving five years in prison as punishment for his original crime, Whitaker would be serving five years and three months in prison as punishment for his original crime. Whitaker argues that such a "modification" of his sentence is prohibited by 18 U.S.C. § 3582(c). Whitaker also argues that such a

revocation sentence would violate the Double Jeopardy Clause, as he would be getting punished twice (first with a five-year sentence, and then with a three-month sentence) for the same conduct (selling methamphetamine). ECF No. 5 at 2-3.

Fear not, though, because Whitaker has a solution: If the Court orders the BOP to release him after he serves just one year of his five-year sentence, then he will still have four years remaining under the five-year "cap." Then, if he violates the conditions of his supervised release, he can be sent back to prison without creating any problems under § 3582(c) or the Double Jeopardy Clause. ECF No. 1 at 4.

Whitaker's claim has many problems, including that it is not ripe. Under his theory, the government would not violate § 3582(c) or the Double Jeopardy Clause— even if Whitaker serves his full five-year prison sentence before being placed on supervised release—unless and until (1) Whitaker violates a condition of his supervised release; (2) as a result of the violation, his term of supervise release is revoked; and (3) as a result of the revocation, he is sent back to prison. Unless and until all three of these things happen, Whitaker's rights would not be violated—and, of course, it is possible (perhaps even likely) that all three of these things will never happen.

Whitaker's argument—that, if he serves his full five-year term of imprisonment, he cannot be returned to prison upon revocation of his term of supervised release—is an argument that he can make *if and when his term of supervised release is revoked*. If the

judge agrees with him, he will not be sent back to prison, and his rights will not be violated. At this time, however, Whitaker's claim is not ripe, and thus the Court lacks jurisdiction to rule on it. *See Watts v. Petrovsky*, 757 F.2d 964, 966 (8th Cir. 1985) (holding that, where a live controversy would only arise if petitioner's current term of parole were revoked, the court lacked jurisdiction to hear the appeal).

Even if the Court had jurisdiction to address Whitaker's claim on the merits, the Court would reject it as frivolous. Taking the statutory argument first: Whitaker points out that § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed . . . ." Whitaker ignores the fact that § 3582(c) goes on to provide that a term of imprisonment *may* be modified "to the extent . . . expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). A statute—§ 3583(e)(3)—"expressly permit[s]" a court to impose a prison sentence upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). Hence, even if a revocation sentence could be characterized as a "modification" of a previously imposed sentence of imprisonment, that modification would be expressly permitted by statute, and thus would not run afoul of § 3582(c).

Whitaker's double-jeopardy argument is similarly meritless. The sentence that was imposed on Whitaker for selling methamphetamine included *both* a term of imprisonment *and* a term of supervised release, with all of the legal consequences that terms of imprisonment and terms of supervised release entail. One of the consequences

of being sentenced to a term of supervised release is that, if the conditions of supervised release are not followed, the term of supervised release can be revoked and the defendant sent back to prison. 18 U.S.C. § 3583. Such a prison term would not be a "new" or "second" punishment for the original crime; it would be a part of the sentence that the sentencing judge imposed for the original crime. *See United States v. Bennett*, 561 F.3d 799, 802-03 (8th Cir. 2009) (holding that revocation of supervised release does not raise double-jeopardy concerns because revocation is not a new punishment, and collecting other similar cases).

Whitaker also relies on Justice Breyer's (controlling) concurrence in *United States v. Haymond*, 139 S. Ct. 2369 (2019), which Whitaker characterizes as holding that the present supervised-release system must function in the same manner as the traditional parole system that it replaced. ECF No. 1 at 2. Under the parole system, a defendant would be sentenced to a prison term of, say, ten years, but the defendant would only have to serve part of that sentence in prison. The defendant would generally be paroled after three or four years, and he would be allowed to serve the remainder of his ten-year sentence on parole. If he violated a condition of parole, he could be sent back to prison to serve whatever remained of his ten-year sentence. According to Whitaker, then, the four years that he is supposed to spend on supervised release must *substitute for* four of the five years that he is supposed to spend in prison, just as years spent on parole

substituted for years spent in prison. If Whitaker's four-year term of supervised release is to substitute for four of the five years of his term of imprisonment, then Whitaker must be released after one year.[2]

Contrary to Whitaker's argument, none of this is required by Justice Breyer's concurrence or either of the other opinions in *Haymond*. Justice Breyer's only references to the traditional parole system appear in the first two sentences of his concurrence:

> I agree with much of the dissent, in particular that *the role of the judge* in a supervised-release proceeding is consistent with traditional parole. As 18 U.S.C. § 3583 makes clear, Congress did not intend the system of supervised release to differ from parole *in this respect*.

*Haymond*, 139 S.Ct. at 2385 (Breyer, J., concurring) (emphasis added; citation omitted). Justice Breyer's focus was on "the role of the judge," and Justice Breyer was merely expressing the view that just as Congress had empowered judges (not juries) to decide whether conditions of parole had been violated, Congress also empowered judges (not juries) to decide whether conditions of supervised release have been violated. Justice Breyer in no way suggested that, to be constitutional, the supervised-release system must function identically to the traditional parole system in all respects. Nor did any other Justice make that suggestion. As the R&R aptly noted, "nothing in *Haymond*—not

---

[2]Of course, the problem that Whitaker conjures could just as easily be solved by eliminating Whitaker's term of supervision and releasing him after he serves five years in prison. For some reason, Whitaker does not mention that solution.

-7-

even the most expansive reading of the most expansive opinion in that case, and certainly not the holding—supports Whitaker's conclusion." ECF No. 4 at 5.

Not only is Whitaker's argument unsupported by *Haymond*, but it is directly contradicted by statute. Whitaker was convicted under 21 U.S.C. 841(b)(1)(B), which required Whitaker to be sentenced to "a term of supervised release of at least 4 years *in addition to* such term of imprisonment" (emphasis added). In other words, § 841(b)(1)(B) dictated that the time that Whitaker spends on supervised release is not to *substitute* for, but to be *in addition to*, his term of imprisonment. If this were not enough, § 841(b)(1)(B) also provides:

> Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

Treating Whitaker's term of supervised release as a term of parole, and substituting four years of "street time" for four years of "prison time," would clearly be inconsistent with § 841(b)(1)(B).

Whitaker also argues that, "to avoid the *Apprendi* line of cases," supervised release "must be interpreted to apply like traditional parole." ECF No. 1 at 2. Under *Apprendi v. New Jersey*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2002). Whitaker has two big problems with his argument. First, in *Haymond*, a majority of the Supreme Court held that *Apprendi* does *not* apply to supervised-release proceedings. 139 S. Ct. at 2385 (Breyer, J., concurring) ("I would not transplant the *Apprendi* line of cases to the supervised-release context."). And second, even if *Apprendi* applied to supervised-release proceedings, the "prescribed statutory maximum" for Whitaker's crime is 40 years. 21 U.S.C. 841(b)(1)(B). By statute, the longest revocation sentence that Whitaker could receive is three years. *See* 18 U.S.C. 3583(e)(3). Whitaker's five-year original term of imprisonment, plus a three-year revocation sentence, would not come close to exceeding the 40-year statutory maximum. *Apprendi* would not help Whitaker.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 5] and ADOPTS the R&R [ECF No. 4]. IT IS HEREBY ORDERED THAT:

1. Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. Petitioner's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 8, 2019                    s/Patrick J. Schiltz
                                                                          Patrick J. Schiltz
                                                                          United States District Judge